UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| IRA ISHMAEL MUHAMMAD, | ) |
| | ) |
| Petitioner, | ) No. 1:13-cv-111 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| WARDEN MICHAEL J. DONAHUE, | ) |
| | ) |
| Respondent. | ) |

## **M E M O R A N D U M**

Petitioner Ira Ishmael Muhammad ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the legality of his state convictions (Court File No. 2). Respondent Michael Donahue ("Respondent") filed a motion to dismiss Petitioner's § 2254 petition as time-barred (Court File No. 13). Petitioner responded in opposition to this motion, acknowledging the untimeliness of his petition but arguing he is entitled to equitable tolling (Court File No. 17). Respondent sought leave to reply well after the time period allowed by the Federal Rules of Civil Procedure, clarifying an error in his initial motion and responding to Petitioner's arguments (Court File No. 18).

After reviewing the record and the applicable law, the Court concludes Petitioner's § 2254 petition is time-barred. Therefore, Respondent's motion to dismiss will be **GRANTED** (Court File No. 13), and Petitioner's habeas petition will be **DISMISSED** as time-barred (Court File No. 2).

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted by a Hamilton County, Tennessee jury for attempted second degree murder, two counts of aggravated assault, attempted voluntary manslaughter, and felony reckless endangerment. He received an effective twenty-eight-year sentence. *Muhammad v. State*, No.

E2013–00937–CCA–R3–CO, 2013 WL 6474967, at *1 (Tenn. Crim. App. Dec. 9, 2013). On direct appeal Petitioner's conviction and sentence were affirmed and permission to appeal to the Tennessee Supreme Court was denied. *Id.*

Petitioner filed a state post-conviction petition on January 3, 2005, alleging he was denied effective assistance of counsel and there was newly discovered evidence in the case. *See Muhammad v. State*, No. E2007–00748–CCA–R3–PC, 2009 WL 400633, *3 (Tenn. Crim. App. Feb. 18, 2009), *perm. app. denied* (Tenn. Aug. 17, 2009) (Court File No. 2-7). Petitioner's state post-conviction petition was subsequently amended twice by court-appointed post-conviction counsel. *Id.* At a March 2006 hearing, proof was presented on all issues, including whether Petitioner had been denied his right to petition for an appeal to the Tennessee Supreme Court. *Id.* The post-conviction court determined that the petitioner had, in fact, been denied his right of appeal, and the court granted a delayed appeal for that purpose. The post-conviction court stayed the remaining post-conviction issues pending the outcome of the delayed appeal.

On March 12, 2007, the Tennessee Supreme Court denied Petitioner's application for appeal, and, on March 27, 2007, the post-conviction court denied the remaining issues in the post-conviction petition. The Court of Criminal Appeals of Tennessee affirmed the denial of post-conviction relief and the Tennessee Supreme Court denied Petitioner's application for permission to appeal on August 17, 2009.

In March 2013, Petitioner filed a petition for writ of *error coram nobis* alleging that newly discovered evidence in the form of a newspaper article from the time of the shooting and the time of his trial entitled him to a new trial. *Muhammad*, 2013 WL 6474967. Petitioner then filed this habeas petition on March 22, 2013, when he placed it in the prison mail system (Court File No. 2,

2

at 14).

**II.    DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for filing a § 2254 petition. The statute of limitations runs from the date the judgment becomes final on direct review or the date time for seeking review expires. 28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *Id.* § 2244(d)(2).

Petitioner's direct appeal concluded on March 12, 2007, when the Tennessee Supreme Court denied his application for permission to appeal. *State v. Muhammed*, No. E2003-01629-CCA-R3-CD.2004 WL 1073889 (Tenn. Crim. App. May 10, 2004), *perm. app. denied* (Tenn. March 12, 2007). Because his state post-conviction petition was still pending, the one year statute of limitations for filing a federal habeas petition did not commence until August 18, 2009, the day after the Tennessee Supreme Court denied his application to appeal the denial of his post-conviction petition. Therefore, the applicable one year statute of limitations for filing a federal habeas petition began to run on August 18, 2009, and expired on August 18, 2010. Petitioner gave his § 2254 petition to prison authorities for mailing on March 22, 2013, more than two years too late.

However, Petitioner appears to argue that the one year statute of limitations should be equitably tolled because his state post-conviction counsel failed to notify him that his case had concluded (Court File Nos. 2, 17). Petitioner attaches five letters to his motion that he sent to his attorney on October 19, 2009, April 5, 2010, September 28, 2010, March 25, 2011, and November

3

13, 2012 (Court File No. 2-5).[1] According to Petitioner, none of these letters was answered. Also on November 13, 2012, Petitioner sought a status update from the Tennessee Supreme Court (*id.*). The Appellate Clerk's Office responded on November 20, 2012 with a copy of the judgment and case history (Court File Nos. 2-2, 2-3, 2-4). As the Court understands the argument, Petitioner claims his post-conviction counsel's failure to provide timely notice of the Tennessee Supreme Court's ruling on his post-conviction appeal was an extraordinary circumstance beyond his control that requires equitable tolling of the statute of limitations.

"[T]o demonstrate that he is entitled to equitable tolling, a *habeas* petitioner must establish: (1) that he has diligently pursued his rights; and (2) 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 463 (6th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The equitable tolling doctrine is used only in rare cases where circumstances beyond a petitioner's control have prevented him from timely raising a habeas corpus claim. The burden is on a petitioner to establish he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Although the Supreme Court emphasized equitable tolling does not require "maximum feasible diligence," it does require "reasonable diligence." *Holland*, 560 U.S. at 653. However, "petitioners who receive delayed notification of a state court judgment due to clerical or attorney errors may not seek equitable tolling if they 'passively await decision.'" *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011) (quoting *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002)). In *Holland,* for example, the Court held that the petitioner had demonstrated reasonable diligence

---

[1] Petitioner states in his response brief that one of the letters was sent on April 15, 2010, but the letter attached to his initial motion is dated April 5, 2010.

4

because he "not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins–the central impediment to the pursuit of his legal remedy–removed from his case." 560 U.S. at 653. Further, "the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court." *Id.* (emphasis in original).

Here, Petitioner never notified the Tennessee courts of counsel's lack of communication or moved to have counsel removed from his case.[2] Instead, Petitioner waited more than three years after receiving his last correspondence from counsel, and more than one year after he wrote counsel the last time (correspondence dated March 25, 2011), before inquiring about his case directly with the state supreme court.[3] Because Petitioner was inactive for more than one year during this time, he was not reasonably diligent in pursuing his rights. *See Keeling*, 673 F.3d at 463 ("While this Court has recognized that attorney assurances and the realities of incarceration may justifiably delay a petitioner's request for a case status report, . . . this Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half."); *see also Robinson*, 424 F. App'x at 443 (concluding that a petitioner was not reasonably diligent because he waited eighteen months after last contacting his attorney to inquire with the state court about the status of his case). Although he received no response from counsel to his numerous letters, he "passively awaited" the decision for

---

[2] In fact, as early as 2008, Petitioner was in correspondence with the Board of Professional Responsibility, apparently regarding post-conviction counsel's failure to respond to him promptly (Court File No. 2-5).

[3] He did, however, simultaneously send another letter to his attorney when he inquired with the state supreme court.

5

more than four years rather than contacting the state supreme court and inquiring about the status of his case. *See Robinson*, 424 F. App'x at 443.

Moreover, unlike the petitioner in *Holland*, Petitioner here did not immediately file his petition after receiving notice of the Tennessee Supreme Court's decision. Although the exact date he received the judgment from the Appellate Clerk is unclear, the letter he attaches to his petition is dated November 20, 2012 (Court File No. 2-2). He did not file his petition with the Court until April 2013 (Court File No. 1). And based upon his November 2012 letter to counsel, Petitioner was already planning to file this petition (Court File No. 2-5).

Applying the *Holland* equitable tolling test, the Court concludes Petitioner did not diligently pursue his federal habeas rights and is not entitled to equitable tolling. Accordingly, Petitioner's § 2254 petition will be **DISMISSED** as time-barred.

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss will be **GRANTED** (Court File No. 13) and Petitioner's petition for writ of habeas corpus will be **DISMISSED** as time-barred.

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**